IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Criminal No. 2:09-00137
                                                    (Judge Copenhaver)

JOSEPH CLEVELAND FERRELL, et al.,

    Defendants.

## MOTION FOR BILL OF PARTICULARS

    Defendants, Joseph Cleveland Ferrell ("Mr. Ferrell") and Southern Amusement Co., Inc. ("Southern"), by counsel, respectfully request this Court to enter an Order directing the United States to file a Bill of Particulars, pursuant to Rules 7(f) and 12(b)(4) of the Federal Rules of Criminal Procedure.

    Due to the general and non-specific allegations in the Superseding Indictment, a Bill of Particulars is absolutely necessary to allow Mr. Ferrell and Southern to fully understand the charges against them and to avoid unfair surprise at trial. <u>United States v. American Waste Fibers</u>, 809 F.2d 1044, 1047 (4th Cir. 1987).

    Defendants request a Bill of Particulars be filed for each of the following:

    1.    Identify each of the other known employees and associates of Southern who allegedly engaged in illegal gambling, interstate travel in aid of racketeering, bribery, mail fraud, and conspiracy to obstruct state and local law enforcement to facilitate illegal gambling as alleged in Paragraph 1 of Count One of the Superseding Indictment.

2. Identify each of the other known employees and associates of White Amusement Company ("White") who allegedly engaged in illegal gambling, interstate travel in aid of racketeering, bribery, mail fraud, and conspiracy to obstruct state and local law to facilitate illegal gambling as alleged in Paragraph 1 of Count One of the Superseding Indictment.

3. Identify each of the employees and associates of Southern who allegedly constituted an "enterprise" as alleged in the first sentence of Paragraph 2 of Count One of the Superseding Indictment.

4. The date on which each of the employees and associates of Southern who constituted the "enterprise" allegedly joined and left the "enterprise" as alleged in Paragraph 2 of Count One of the Superseding Indictment.

5. The specific acts or conduct by each of the employees and associates of Southern who constituted the "enterprise" that would show or tend to show each member's involvement in the alleged "enterprise's" ongoing activities as alleged in Paragraph 2 of Count One of the Superseding Indictment.

6. Identify each of the employees and associates of White who allegedly constituted an "enterprise" as alleged in the first sentence of Paragraph 2 of Count One of the Superseding Indictment.

7. The date on which each of the employees and associates of White who constituted the "enterprise" allegedly joined and left the "enterprise" as alleged in Paragraph 2 of Count One of the Superseding Indictment.

8. The specific acts or conduct by each of the employees and associates of White who allegedly constituted the "enterprise" that would show or tend to show each member's

involvement in the alleged "enterprise's" ongoing activities as alleged in Paragraph 2 of Count One of the Superseding Indictment.

9. Identify the "others" in Paragraph 5 of Count One of the Superseding Indictment who at various times owned stock of Southern and White and the dates of the alleged ownership.

10. State the legal basis for the allegation that the House of Delegates had the authority and jurisdiction to disallow, permit, limit, regulate, and control the operation of and profit from video lottery machines in the State of West Virginia as alleged in Paragraph 6 of Count One of the Superseding Indictment.

11. State the factual basis for the allegation in Paragraph 6 of Count One of the Superseding Indictment that Mr. Ferrell sought a position as a member of the West Virginia House of Delegates in order to protect the business of Southern.

12. Identify the specific acts or conduct Mr. Ferrell allegedly engaged in to illegally influence proposed and pending legislation as alleged in Paragraph 6 of Count One of the Superseding Indictment.

13. Identify each act Mr. Ferrell allegedly did to influence the "proposed and pending legislation" as alleged in Paragraph 6 of Count One of the Superseding Indictment.

14. Set forth the date(s) of each act identified in response to Paragraphs 12 and 13 herein.

15. Identify which employees and associates of the alleged enterprise participated in the operation of gambling machines in Kentucky as alleged in Paragraph 7a. of Count One of the Superseding Indictment.

16. Identify which employees and associates of the alleged enterprise traveled between West Virginia and Kentucky as alleged in Paragraph 7b. of Count One of the Superseding Indictment.

17. Identify which employees and associates of the alleged enterprise allegedly bribed a West Virginia Lottery inspector, a mayor, and a sheriff-elect as alleged in Paragraph 7c. of Count One of the Superseding Indictment.

18. Identify which employees and associates of the alleged enterprise paid an employee in cash as alleged in Paragraph 7d. of Count One of the Superseding Indictment.

19. Identify which employees and associates of the alleged enterprise were paid in cash as alleged in Paragraph 7d. of Count One of the Superseding Indictment.

20. Identify which employees and associates of the alleged enterprise allegedly obstructed justice as alleged in Paragraph 7e. of Count One of the Superseding Indictment.

21. Identify the alleged act or acts the employees and associates of the alleged enterprise supposedly engaged in to obstruct justice as alleged in Paragraph 7e. of Count One of the Superseding Indictment.

22. Identify which employees and associates of the alleged enterprise allegedly bribed voters to vote for Mr. Ferrell as alleged in Paragraph 7f. of Count One of the Superseding Indictment.

23. Identify which voters were allegedly bribed to vote for Mr. Ferrell as alleged in Paragraph 7f. of Count One of the Superseding Indictment.

24. Identity each of the individuals known to the Grand Jury who allegedly were employed by and associated with the alleged enterprise between 1995 and July 2008 as alleged in Paragraph 8 of Count One of the Superseding Indictment.

25. Identify the five or more persons referenced in Paragraph 10 Racketeering Act One -- (ii) of Count One of the Superseding Indictment.

26. Specify what each person identified in response to Paragraph 25 herein allegedly did to conduct, finance, manage, supervise or direct the gambling business.

27. Identify the specific act(s) Mr. Ferrell and the Known Mayor did to obstruct the enforcement of the criminal laws as alleged in Paragraph 11 Racketeering Act 2a -- a. of Count One of the Superseding Indictment.

28. Identify the five or more persons referred to in Paragraph 11 Racketeering Act 2a -- d. of Count One of the Superseding Indictment.

29. Identify the specific bribes, gratuities, financial support and other favors referred to in Paragraph 11 Racketeering Act 2a -- f. of Count One of the Superseding Indictment.

30. Identify the specific cash payments and things of value referred to in Paragraph 11 Racketeering Act 2a -- g. of Count One of the Superseding Indictment.

31. Identify the specific acts by the Known Mayor where he used his authority as Mayor to protect Mr. Ferrell as alleged in Paragraph 11 Racketeering Act 2a – a. through h. of Count One of the Superseding Indictment.

32. Identify the amount of the alleged cash bribes referred to in Paragraph 11 Racketeering Act 2a -- i i. of Count One of the Superseding Indictment.

33. Identify the amount of the alleged cash bribes referred to in Paragraph 11 Racketeering Act 2a -- i iii. of Count One of the Superseding Indictment.

34. Identify the amount of the alleged cash bribes referred to in Paragraph 11 Racketeering Act 2b -- of Count One of the Superseding Indictment.

35. Identify the amount of the pecuniary benefit Mr. Ferrell allegedly paid for the Known Mayor's travel to New Orleans, Louisiana as alleged in Paragraph 11 Racketeering Act 2c -- of Count One of the Superseding Indictment.

36. Identify the amount of the alleged cash bribe referred to in Paragraph 11 Racketeering Act 2d -- of Count One of the Superseding Indictment.

37. Identify the amount Mr. Ferrell allegedly paid for the trip to Myrtle Beach, South Carolina as alleged in Paragraph 11 Racketeering Act 2e -- of Count One of the Superseding Indictment.

38. Identify the specific acts allegedly engaged in by the Known Mayor to protect Mr. Ferrell's allegedly illegal gambling business as alleged in Paragraph 11 Racketeering Act 2b through 2e of Count One of the Superseding Indictment.

39. Identify the amount of the alleged cash bribe to the Sheriff-Elect of Logan County as alleged in Paragraph 12 of Count One of the Superseding Indictment.

40. Identify the "individual" known to the Grand Jury referred to in Paragraph 12 of Count One of the Superseding Indictment.

41. Identify the specific acts or conduct Mr. Ferrell allegedly engaged in to further protect the interest of the enterprise as alleged in Paragraph 13 of Count One of the Superseding Indictment.

42. Identify "the First Known Voter" and the amount of the alleged "cash bribe" referred to in Paragraph 13a. of Count One of the Superseding Indictment.

43. Identify the "other" voters referred to in Paragraphs 13a. through 13g. of Count One of the Superseding Indictment.

44. Set forth the specific amount of "profit" Mr. Ferrell allegedly realized from the unlawful gambling activity as alleged in Paragraph 14 Racketeering Act Eleven -- 11b through 11y of Count One of the Superseding Indictment.

45. Identify "the Second Known Voter" and the amount of the alleged "cash bribe" referred to in Paragraph 13b. of Count One of the Superseding Indictment.

46. Identify "the Third Known Voter" and the amount of the alleged "cash bribe" referred to in Paragraph 13c. of Count One of the Superseding Indictment.

47. Identify "the Fourth Known Voter" and the amount of the alleged "cash bribe" referred to in Paragraph 13d. of Count One of the Superseding Indictment.

48. Identify "the Fifth Known Voter" and the amount of the alleged "cash bribe" referred to in Paragraph 13e. of Count One of the Superseding Indictment.

49. Identify any and all illegal gambling acts allegedly engaged in by Mr. Ferrell between December 31, 2001, and the Fall of 2003.

50. Identify the specific gambling devices referred to in Paragraph 14 Racketeering Act Eleven -- 11b of Count One of the Superseding Indictment.

51. Identify the "act involving gambling" referred to in Paragraph 14 Racketeering Act 11c of Count One of the Superseding Indictment.

52. State whether or not the "profit" Mr. Ferrell allegedly realized from the unlawful gambling activity as alleged in Paragraphs 14 Racketeering Acts 11b through 11y of Count One of the Superseding Indictment were deposited in any bank or financial institution and if so, identify the bank or financial institution.

53. Identify the individual referred to as the "West Virginia Lottery Investigator" in Paragraph 15 of Count One of the Superseding Indictment.

54. Identify all of the alleged illegal payments and bribes referred to in Paragraph 15 Racketeering Act Twelve -- of Count One of the Superseding Indictment.

55. The name of the individual known to the United States as "the Known Lottery Investigator" to whom Mr. Ferrell allegedly paid cash as alleged in Paragraph 15 Racketeering Acts 12e-12h of Count One of the Superseding Indictment.

56. The name of the individual known to the United States as "the Known Employee" who Mr. Ferrell allegedly helped receive disability benefits as alleged in Paragraph 16 Racketeering Act Thirteen - - 13a through 13f of Count One of the Superseding Indictment.

57. Provide a list of the cash payments Mr. Ferrell allegedly made to an employee as alleged in Paragraph 16, Racketeering Act Thirteen -- 13a through 13f of Count One of the Superseding Indictment and the dates on which each alleged payment was made.

58. Identify the location of the alleged illegal gambling business referred to in Count Two of the Superseding Indictment.

59. Identify the "five or more persons" referred in Subparagraph (ii) of Count Two of the Superseding Indictment.

60. The identity of the "others" who Mr. Ferrell allegedly caused to travel in interstate commerce as alleged in Paragraphs 1 and 2 of Counts Three through Twenty-Four of the Superseding Indictment.

61. Identify the "facilities" in interstate commerce allegedly used by Mr. Ferrell referred to in Paragraph 1 of Counts Three through Twenty-Four of the Superseding Indictment.

62. Identify the "acts of distribution of the proceeds" as alleged in Paragraph 3 of Counts Three through Twenty-Four of the Superseding Indictment.

63. The identity of "the Known Investigator" referred to in Paragraph 2 of Counts Twenty-Five through Twenty-Eight of the Superseding Indictment.

64. Identify the specific acts by the Known Investigator referred to in Paragraph 12 of Counts Twenty-Five through Twenty-Eight of the Superseding Indictment that allegedly defrauded the State of West Virginia, the West Virginia Lottery and the citizens of the State of West Virginia. As to each specific act, identify the specific entity that was allegedly defrauded.

65. Identify the specific acts by the Known Investigator referred to in Counts Twenty-Five through Twenty-Eight that were not part of her assigned duties and responsibilities.

66. Identify each misrepresentation and concealment of material fact referred to in Paragraph 12 of Counts Twenty-Five through Twenty-Eight of the Superseding Indictment.

67. Identify each cash payment referred to in Paragraph 14 of Counts Twenty-Five through Twenty-Eight of the Superseding Indictment and identify which Defendant allegedly made each specific payment, and identify whether each alleged "payment" was a "gift" or "compensation" as alleged in Paragraphs 6 and 7 of Counts Twenty-Five through Twenty-Eight of the Superseding Indictment.

68. Identify the specific dates on which the Known Investigator performed or aided in the performance of maintenance and describe the maintenance performed as alleged in Paragraph 15b. of Counts Twenty-Five through Twenty-Eight of the Superseding Indictment.

69. Identify the dates on which the Known Investigator personally responded to after-hours requests and demands of Mr. Ferrell and employees of Southern as alleged in Paragraph 15c. of Counts Twenty-Five through Twenty-Eight of the Superseding Indictment.

70. Identify the specific video lottery retailers referred to in Paragraph 15c. of Counts Twenty-Five through Twenty-Eight of the Superseding Indictment.

71. Identify the "employees" of Southern referred to in Paragraph 15c. of Counts Twenty-Five through Twenty-Eight of the Superseding Indictment.

72. Identify the Supervisor or Supervisors without whose "approval" the acts occurred referenced in Paragraph 15c. of Counts Twenty-Five through Twenty-Eight of the Superseding Indictment.

73. Identify the dates and amounts of cash Mr. Ferrell allegedly gave to the Known Investigator as alleged in Paragraph 15d. of Counts Twenty-Five through Twenty-Eight of the Superseding Indictment.

74. Identify the dates and locations where the Known Investigator had unauthorized and after-hours access to the sealed logic areas in video lottery machines as alleged in Paragraph 15d. of Counts Twenty-Five through Twenty-Eight of the Superseding Indictment.

75. Identify the dates and amounts of the cash payments referred to in Paragraph 15e. of Counts Twenty-Five through Twenty-Eight of the Superseding Indictment.

76. Identify the dates and locations when the Known Investigator did not cite certain violations as alleged in Paragraph 15f. of Counts Twenty-Five through Twenty-Eight of the Superseding Indictment and identify each alleged violation of lottery rules and regulations by date and location.

77. Identify the Known Investigator's supervisor referred to in Paragraph 15g. of Counts Twenty-Five through Twenty-Eight of the Superseding Indictment.

78. Identify the Federal program, the State agency that received the funds, and the specific benefits in excess of $10,000 the State of West Virginia received from January 1, 2004 through December 31, 2008 that the Government intends to offer as evidence in support of the

allegation in Paragraph 3 of Counts Twenty-Nine through Thirty-Two of the Superseding Indictment.

79. Identify the specific dates of the requests for after-hours maintenance and repair calls as alleged in Paragraph 4(a) of Counts Twenty-Nine through Thirty-Two of the Superseding Indictment.

80. Identify the specific policies and procedures referred to in Paragraph 4(a) of Counts Twenty-Nine through Thirty-Two of the Superseding Indictment.

81. Identify the specific violations of law, policy and regulation in the operation of video lottery machines as alleged in Paragraph 4(b) of Counts Twenty-Nine through Thirty-Two of the Superseding Indictment as well as the date of each alleged violation.

82. The name of "the Known Employee" who was allegedly receiving monthly benefit checks from the Social Security Administration as alleged in Paragraphs 2-9 of Counts Thirty-Three through Thirty-Eight of the Superseding Indictment.

83. Identify "the Known Employee" referred to in Paragraph 1 of Count Thirty-Nine of the Superseding Indictment.

84. Identify the specific cash payments by Southern made to the Known Employee as alleged in Paragraph 1 of Count Thirty-Nine of the Superseding Indictment.

85. Identify and produce the document referred to in Paragraph 6a. of Count Thirty-Nine of the Superseding Indictment.

86. Set forth the amount of money actually paid to the Known Employee as alleged in Paragraph 6a. of Count Thirty-Nine of the Superseding Indictment.

87. Identify and produce the document referred to in Paragraph 2a. of Count Forty of the Superseding Indictment.

88. Set forth the amount of money actually paid to the Known Employee as alleged in Paragraph 2a. of Count Forty of the Superseding Indictment.

89. Set forth the amount and date of each payment Southern allegedly made to the Known Employee from the Spring of 2006 until approximately July of 2008 as alleged in Count Forty-One of the Superseding Indictment.

90. Provide a break down by Employee of the federal income taxes and FICA taxes that make up the $38,726.63 for the year 2003 set forth in Count Forty-Eight of the Superseding Indictment.

91. Provide a break down by Employee of the federal income taxes and FICA taxes that make up the $38,048.41 for 2004 set forth in Count Forty-Nine of the Superseding Indictment.

92. Provide a break down by Employee of the federal income taxes and FICA taxes that make up the $27,739.40 for 2005 set forth in Count Fifty of the Superseding Indictment.

93. Provide a break down by Employee of the federal income taxes and FICA taxes that make up the $14,581.83 for 2006 set forth in Count Fifty-One of the Superseding Indictment.

As to all of the foregoing requests for a Bill of Particulars, Defendants Mr. Ferrell and Southern specifically request copies of all of the documentation and testimony that supports or tends to support the response of the United States to this request for a Bill of Particulars. If the United States has already provided the testimony that supports or tends to support the position of

the United States, Mr. Ferrell and Southern request that the United States identify that testimony by witness, document and page number. The requested information is critical to Defendants' ability to be adequately informed about the broad general allegations set forth in each count of the Indictment. If the information requested herein is not provided, it will be necessary for Defendants to request a recess in the trial of this case to investigate various allegations for which Defendants were not provided any notice or the opportunity to investigate the allegations. The requested information is also necessary because Mr. Ferrell may have an alibi defense to most, if not all, of the allegations in the Indictment since he is frequently out of Logan County on business and for other personal reasons.

WHEREFORE, Defendants Mr. Ferrell and Southern respectfully request that the Court grant the relief sought herein.

JOSEPH CLEVELAND FERRELL and
SOUTHERN AMUSEMENT CO., INC.,

Defendants,

BY COUNSEL:

/s/Robert B. Allen
Robert B. Allen (WV Bar No. 110)
ALLEN GUTHRIE & THOMAS, PLLC
500 Lee Street, East, Suite 800
P. O. Box 3394
Charleston, WV 25333-3394
(304) 345-7250
*Counsel for Southern Amusement Co., Inc.*


/s/Benjamin L. Bailey
Benjamin L. Bailey (WV Bar No. 200)
Christopher S. Morris (WV Bar No. 8004)
BAILEY & GLASSER, LLP

209 Capitol Street
Charleston, WV  25301
(304) 345-6555
*Counsel for Joseph Cleveland Ferrell*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Criminal No. 2:09-00137
                                                                                 (Judge Copenhaver)

JOSEPH CLEVELAND FERRELL, et al.,

    Defendants.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the **"Motion for Bill of Particulars"** was served upon counsel of record, via the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record on this 2nd day of December, 2009:

                Hunter P. Smith, Jr., Esq.
                Assistant U. S. Attorney
                4000 United States Courthouse
                300 Virginia Street, East
                Charleston, WV  25301

                /s/Robert B. Allen
                Robert B. Allen (WV Bar No. 110)
                ALLEN GUTHRIE & THOMAS, PLLC
                500 Lee Street, East, Suite 800
                P. O. Box 3394
                Charleston, WV  25333-3394
                (304) 345-7250