# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                    **Criminal No. 2:09-00137**

**JOSEPH CLEVELAND FERRELL**
**and**
**SOUTHERN AMUSEMENT CO., INC.**

## DEFENDANTS' REPLY IN SUPPORT OF
## MOTION FOR BILL OF PARTICULARS

Defendants Joseph Cleveland Ferrell and Southern Amusement Co., Inc. file this reply in support of their motion for a bill of particulars. The United States opposes a bill of particulars contending that the indictment is "sufficiently detailed" and that the government has already provided "extensive" discovery. The United States, however, ignores the incredibly expansive scope of the evidence that the government has produced, the government's continuing refusal to disclose or provide meaningful access to information and documents that would aid the Defendants in understanding the nature of the charges against them, and the factual and legal complexity of the 51-count Superseding Indictment ("Indictment"). Given these circumstances, a bill of particulars is necessary to allow the Defendants to develop their defenses to the serious charges against them and to prepare for the trial of this case.

I.      **Legal Standard**

Federal Rule of Criminal Procedure 7(f) provides that the "court may direct the filing of a bill of particulars." Rule 7(f) was amended in 1966, eliminating a defendant's need to show cause, to "encourage a more liberal attitude by the courts towards bills of particulars . . . ." Fed. R. Crim. P. 7, Advisory Committee's Notes to 1966 Amendment. Courts have embraced this more liberal attitude by granting motions for bills of particulars when they would "enable a defendant to obtain sufficient information on the nature of the charges against him so that he may prepare for trial" and to "minimize the danger of surprise at trial." *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973). A bill of particulars can also be used "to save a defendant needless labor in preparing his defense." *United States v. Bird*, 179 F. Supp. 467, 469 (D.C.W. Va. 1959) (emphasis added).

As set forth below, due to (i) the "mountains of documents" the government has produced, (ii) the manner in which the government has produced evidence, and (iii) the complexity of the charges against the Defendants, the Defendants cannot fully understand the nature of the charges against them or adequately prepare their defenses without a bill of particulars.

II.     **A bill of particulars is necessary due to the volume of evidence disclosed by the government.**

The government argues that a bill of particulars is not necessary because the government has already provided grand jury testimony, statements of potential witnesses, and documents "relating to the pending charges of which might be useful in the establishment of a defense to the pending charges." (Response, p. 5). The government further asserts that "[a]lthough the Indictment . . . covers an extended

period of time and sets forth several theories of prosecution, these materials . . . provide the defendants with more than ample notice of the charges against them and a more than ample basis for a claim of double jeopardy against any later brought charges." *Id.* The government's argument wholly ignores the extraordinary scope of the government's investigation and the massive amount of evidence produced by the government.

When ruling on a motion for a bill of particulars, courts can consider the volume of evidence that the government has produced and the manner in which it was produced. *See, e.g., United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). Indeed, when examining the denial of a bill of particulars, the Second Circuit has found that the government did "not fulfill[ ] its obligations merely by providing mountains of documents to defense counsel who were left unguided" as to the significance of the documents. *Id.*

To date, the government has disclosed ten compact discs holding in excess of 100,000 pages of documents; more than 60 CDs holding undercover audio and video recordings; in excess of one <u>million</u> Lottery emails; approximately 20 boxes of documents related to video lottery machines; 140 grand jury transcripts of 108 individuals' testimony; and memoranda of interviews of at least 52 different witnesses. Additionally, the government still has in its possession at least two file cabinets containing documents and several boxes of documents seized from Southern Amusement in June 2005 that the government may use at trial. The extensive scope of the documents the government has produced—and those it has not yet produced— strongly supports a finding that the Defendants need a bill of particulars now to develop their defenses and to understand the nature of the evidence at issue in this case.

III.    **A Bill of particulars is required due to the manner in which the government has disclosed evidence.**

The manner in which the government has handled two categories of evidence—the Lottery emails and the seized documents still in its possession—supports the granting of the Defendants' motion.

A.    *The Lottery emails*

The government provided more than a million Lottery emails to the Defendants in a compressed format, meaning that the Defendants had to expend considerable resources to decompress the documents so that they could be electronically searched. In an effort to reduce the time required to review the uncompressed documents, the Defendants asked the government for the search terms it used to retrieve the documents from the Lottery's email storage files. The government, however, refused to provide the search terms, leaving the Defendants with little understanding of the significance of the Lottery emails and no understanding of what additional exculpatory evidence could be in the Lottery's possession.

Without the government's search terms, the Defendants have no choice but to focus their time and attention on a manual review of each of the more-than-a-million Lottery emails instead of developing trial defenses. This consequence of the government's disclosure practices—whether intended or unintended—supports a finding that a bill of particulars is needed to provide the particularized information the Defendants need to prepare their defenses to the serious charges in the Indictment. *See United States v. Bird*, 179 F. Supp. 467, 469 (D.C.W. Va. 1959) (a bill of particulars saves "a defendant needless labor in preparing his defense").

### B.  *The seized file cabinets and boxes of documents*

As explained, the government still has in its possession two file cabinets containing documents and several boxes of documents, <u>seized from Southern Amusement nearly five years ago</u>, because the government has not had an opportunity fully to review the documents.  The government has informed the Defendants that they can review the seized documents at a mutually agreeable time (and the parties have recently discussed scheduling a time for the Defendants to review them at the United States Attorney's office).  However, the government has thus far refused to turn over the documents or to provide the Defendants with a complete copy of them.  The government's refusal to turn the documents over to the Defendants, or to provide the Defendants copies of, or meaningful access to, this exceptionally large volume of documents prevents the Defendants from reviewing and organizing this evidence in the manner of their choosing—electronically or otherwise—which further undermines the Defendants' ability to prepare defenses and trial strategies.

In *United States v. Schembari*, 484 F.2d 931 (4th Cir. 1973), the Fourth Circuit ruled that a district court was justified in denying a bill of particulars when "the record indicate[d] that [the defendant] was informed of the exact nature of his alleged offense . . . after the prosecution turned over its entire file to [the defendant]." *Id.* at 935. The Fourth Circuit concluded that there was no abuse of discretion because "the underlying objectives of a Rule 7(f) motion were fully satisfied by the government's voluntary disclosure of its file . . . ." *Id.*

As evidenced by the government's responses to the Defendants' requests regarding the Lottery emails and the seized documents, the government has not engaged in the open and full disclosure contemplated by the Fourth Circuit in *Schembari*.[1]   This issue is compounded by the significant number of potential witnesses, the government's multiple theories for prosecution, and the voluminous nature of the evidence disclosed at issue in this case.   These are exactly the circumstances where a bill of particulars is needed to lessen the burden imposed on the Defendants and to allow them to prepare their defenses.

### IV.   A bill of particulars is necessary due to the complexity of the charges.

The government argues that the Indictment contains enough specificity to put the Defendants on notice of the charges against them, and therefore, there is no need for a bill of particulars.   The government's argument, however, ignores the number of charges against the Defendants as well as the complexity of the factual and legal issues arising from those charges.

Courts have found that as the complexity and breadth of charges against a defendant increase, so does the need for a bill of particulars.   Thus, a bill of particulars may be needed when, as here, an indictment alleges "a complex series of events over a number of years, but provides only the bare bones of the charge[s]."   *See United States v. Barnes*, 158 F.3d 662, 666 (2d Cir. 1998); *see also United States v. Davidoff*, 845 F.2d 1151, 1154-55 (2d Cir. 1988) (motions for bills of particulars must be considered

---

[1] Further supporting a conclusion that the government has unjustifiably delayed in disclosing important information, it did not disclose the identity of the "known individuals" named in the Indictment until January 6, 2010, the day it filed its opposition to the motion for a bill of particulars.

"with some care when the Government charges criminal offenses under statutes as broad as RICO").

In this case, the government decided to seek an indictment with 51 separate counts brought under several statutory schemes.[2]  Those counts include (i) a highly-complex RICO count that alleges 59 separate RICO acts and sub-acts; (ii) an illegal gambling count; (iii) 22 separate counts of interstate travel and transportation in aid of a racketeering enterprise; (iv) four mail fraud counts based on allegations related to a Lottery employee; (v) six mail fraud counts based on allegations related to the Social Security Administration; (vi) two obstruction of justice counts; (vii) one aiding and abetting social security fraud count; (viii) six failure to register gambling devices counts; (ix) four willful failure to collect, account for, and pay over employment taxes counts; (x) and a notice that the government intends to seek the forfeiture of more than $5 million and several parcels of real property.  Further increasing the difficulties arising from the

---

[2] The government's decision to pursue 51 counts against the Defendants appears to contradict the Department of Justice's own policy regarding the number of counts to include in an indictment:

> In order to promote the fair administration of justice, as well as the perception of justice, all United States Attorneys should charge in indictments and informations as few separate counts as are reasonably necessary to prosecute fully and successfully and to provide for a fair sentence on conviction.  To the extent reasonable, indictments and informations should be limited to fifteen counts or less, so long as such a limitation does not jeopardize successful prosecution or preclude a sentence appropriate to the nature and extent of the offenses involved.

United States Attorneys' Manual, Section 215, Number of Counts in Indictments, *available at* http://www.justice.gov/usao/eousa/foia_reading_room/ usam/title9/12mcrm.htm.

number of separate counts in the Indictment, the charges are based on alleged conduct that the government claims occurred over at least a fifteen-year time period.

In response to the litany of charges lodged against the Defendants and the need to understand those charges, the Defendants filed a motion for a bill of particulars that contains <u>an average of one to two requests for information for each count</u>.  Considering the nature of the charges and the relatively limited scope of the motion, the relief sought is reasonable and necessary to allow the Defendants to obtain the information required to prepare defenses, to limit the burden of preparing those defenses, and to avoid unfair surprise.

**V.    Conclusion**

For these reasons, the Defendants request that the Court grant their motion for a bill of particulars and require the government to provide a full response to each request in the motion.

**Respectfully submitted,**
**Joseph Cleveland Ferrell and**
**Southern Amusement Co., Inc.,**

**By their respective Counsel,**

<u>/s/ Benjamin L. Bailey</u>
Benjamin L. Bailey (WV Bar ID # 200)
Christopher S. Morris (WV Bar ID # 8004)
Bailey & Glasser, LLP
209 Capitol Street
Charleston, West Virginia  25301
(304) 345-6555
(304) 342-1110 *facsimile*
*Counsel for Joseph Cleveland Ferrell*

<u>/s/ Robert B. Allen</u>
Robert B. Allen (WV Bar ID #110)
Allen Guthrie & Thomas, PLLC
500 Lee Street, East, Suite 800

Charleston, WV  25301
(304) 345-7250
(304) 345-9941 *facsimile*
*Counsel for Southern Amusement Co., Inc..*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                                **Criminal No. 2:09-00137**

**JOSEPH CLEVELAND FERRELL**
**SOUTHERN AMUSEMENT CO., INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the **"DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR BILL OF PARTICULARS"** was served upon counsel of record, via the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record on this 2nd day of February, 2010:

> Hunter P. Smith, Jr., Esq.
> Assistant U. S. Attorney
> 4000 United States Courthouse
> 300 Virginia Street, East
> Charleston, West Virginia  25301

> */s/ Robert B. Allen*
> Robert B. Allen (W. Va. Bar No. 110)