

**STATE OF WEST VIRGINIA**
**OFFICE OF THE ATTORNEY GENERAL**
**CHARLESTON 25305**

**DARRELL V. McGRAW, JR.**
**ATTORNEY GENERAL**

**(304) 558-2522**
**FAX (304) 558-2525**

May 7, 2010

**VIA ELECTRONICALLY**

The Honorable John T. Copenhaver, Jr., Judge
United States District Court
Southern District of West Virginia
Robert C. Byrd United States Courthouse300 Virginia Street, East, Suite 2400Charleston, WV
25301

Re:    US v. Ferrell, et al.
      March 1, 2010 Order
      *Case No. 2:09-cr-00137*

**Joint Status Report**

Dear Judge Copenhaver:

The following is a joint status report prepared by respective counsel for the Lottery, Joseph C. Ferrell and Southern Amusement pursuant to the Court's directive of April 16th. Messrs. Plants and Stewart have represented in affidavits dated March 30, 2010, that the March 1, 2010 Order presented technical impossibilities, as well as substantial time commitments for the retrieval of the information requested. Consistent with the representations of Counsel at the April 16th hearing, the Defendants' counsel, their experts (hereinafter, the Defendants) and the Lottery's counsel, its experts and staff (hereinafter, Lottery) have met and conferred as outlined herein to reshape and narrow the information requested so that the Defendants will receive the information that is retrievable and not subject to privilege within a reasonable time frame. At this time, the Lottery is collecting and determining what documents it has that are responsive to the Defendants' inquiry and, contemporaneous with this search, the Lottery is taking steps to determine whether the information can be produced[1].

---

[1] The Lottery's employees' personnel files which have now been requested contain confidential information and the Defendants and Lottery will work together to determine what steps, if any, can be taken to produce the documents requested while protecting the confidential nature of the information. Furthermore, certain other documents which have been requested may be privileged and these issues will be addressed among counsel.

The Honorable John T. Copenhaver, Jr., Judge
United States District Court
Southern District of West Virginia
May 7, 2010
Page 2

The Lottery and the Defendants met for several hours on April 22, 2010, to explore alternate ways to obtain information which could meet the Defendants' need to prepare their defense without bringing the Lottery's operations to a virtual standstill. Following this meeting, the Lottery provided documentation to the Defendants to assist in refining the Defendants' request to obtain the desired material while lessening the burden on the Lottery. (*See* Letter of April 29, 2010).

On May 3, 2010, the Defendants sent the Lottery a letter providing alternate search criteria and alternate document requests. (*See* Rod Smith's letter of May 3, 2010). The alternate document requests sought "paper files" *in lieu* of a more expansive electronic search in an effort to reduce the Lottery's burden. On May 5, 2010 the Defendants and Lottery again met for more than two hours to discuss the Defendants' revised request in an effort to balance the needs of the Defendants while respecting the obligations and commitments of the Lottery. The Defendants and the Lottery will continue to work toward production with the understanding that prioritization, further limitation and substitution other than what is outlined below may be necessitated due to unforseen problems, time constraints, or the need to ensure that the Lottery can meet its regulatory and financial obligations.

In preparation for the e-mail search requested, the Lottery has contracted with an expert familiar with its system, so that an additional server can be dedicated to the e-mail search. This contractor's familiarity and expertise will expedite the process of preparing the system for the e-mail and electronic document search requested.

The Defendants have abandoned their request for the Boolean search which takes an estimated one year off of the previously projected more than four year search. In lieu of the Boolean search, alternate search terms have been proposed. To further expedite this search the Defendants will take the information the Lottery provided as well as the information gained at Wednesday's meeting to limit the number of employee mailboxes to be searched. The Lottery has provided employee information identifying employment positions and time frames. Further, following this week's discussion, the Lottery will provide more information so that the Defendants can limit the mailboxes to be searched. Once the Lottery has the names of the employees whose mailboxes the Defendants want to have searched a time estimate can be provided which will be less than the estimate in Mr. Plants' affidavit because all past and present employees mailboxes will not be searched.

With regard to the request for electronic documents, the Defendants will provide specific dates for the search which will shorten the compliance time. Once these dates are received, the Lottery will then be able to estimate the amount of time that will be required to make this search. Limiting the dates that will be searched should also decrease the time needed for the Lottery to respond to the subpoena. Because the PDF files cannot be electronically searched, an attempt will be made to write a program to determine how many PDF files are known to exist so that decisions regarding a reasonable and tailored search can be made. However, the time taken to write the program for the PDF search will add to the time expended by the agency and may take time away from the e-mail and electronic document search. Furthermore, once the PDF files are located they will have to be searched by hand.

The Honorable John T. Copenhaver, Jr., Judge
United States District Court
Southern District of West Virginia
May 7, 2010
Page 3


        This week's meeting resulted in a narrowing of the new documents request.   Additional
narrowing is being considered by the Defendants.  The Lottery will make the Defendants' files open
for inspection so that documents already in their possession will not need to be copied.

        The Defendants and the Lottery are continuing to discuss the information needed and the
priority of activities to be taken.   In closing, it is the goal of undersigned counsel to have firm
estimates on or before the hearing scheduled for May 14, 2010.  Furthermore, the undersigned and
their clients are committed to working together to balance the needs and interests of all parties.

                                        Sincerely,

                                        Katherine A. Schultz
                                        Senior Deputy Attorney General
                                        *Counsel for the West Virginia Lottery*

                                        Benjamin L. Bailey, Esquire
                                        *Counsel for Joseph C.  Ferrell*

                                        Robert B. Allen, Esquire
                                        *Counsel for Southern Amusement, Inc.*


KAS/saf
Enclosures: As stated



STATE OF WEST VIRGINIA
OFFICE OF THE ATTORNEY GENERAL
STATE CAPITOL
BUILDING 1, ROOM W-435
CHARLESTON 25305

DARRELL V. McGRAW, JR.
ATTORNEY GENERAL

TELEPHONE (304) 558-2522
FAX (304) 558-2525

April 29, 2010

Robert B. Allen, Esq.
Allen Guthrie & Thomas PLLC
Post Office Box 3394
Charleston, West Virginia 25333-3394

Christopher S. Morris, Esquire
Rodney Smith, Esquire
Bailey & Glasser LLP
209 Capitol Street
Charleston, West Virginia 25301

     Re:   *U.S. v. Ferrell* District Court Subpoena of W. Va. Lottery

Dear Gentleman:

     Thank you for coming to the Lottery Headquarters to discuss what can be done to provide information responsive to the Court's March 1, 2010 Order. As Messrs. Plants and Stewart explained the request presents (1) technical impossibilities, (2) a substantial time commitment for the documents that can be retrieved, and (3) a possibility that some documents can be retrieved if a computer program can be written to access them. I believe the dialogue with counsel and the experts was constructive in that it lead to the production of the enclosed documents which may help you get the information you need and/or narrow your request. The following is the list of documents provided:

       1.     All polices and procedures responsive to items two and three of the Order.

       2.     A list of Lottery employees and their job titles (as of January 2010) provided by the Lottery Human Resource Division.

Robert B. Allen, Esq.
Allen Guthrie & Thomas PLLC
April 29, 2010
2 of 2 Pages

3.      Pages of various editions of the *West Virginia Blue Book* (compiled and edited by Darrel E. Holmes; printed by Chapman Printing) that show the Lottery employees and their job titles for 2003 through 2007.

4.      Lottery Organizational Charts for: June 2007, July 2008, October 2008, November 2008, May 2009, August 2009, and February 2010. An un-dated organizational chart specific to the Limited Video Lottery Security Division is also enclosed.

5.      A list of files specific to the following individuals and entities: Mark Cantrell; Max Henry; Joseph C. Ferrell; Danny Johns; Carolyn Kitchen; Alvin Rose; Frank Stemple; John Thabet; The Green Spot, LLC, d/b/a The Greene Spot of Chapmanville; The Green Spot, LLC, d/b/a The Greene Spot III; The Green Spot, LLC, d/b/a DB X-Clusive; The Green Spot of Price Hill, LLC; and Southern Amusement Co.

The Lottery anticipates it will take approximately two months to retrieve all e-mails sent to and received by Carolyn Kitchen. Ms. Kitchen's computer has been turned over to the United States and we have been advised that the information obtained will be shared with the Defendants. Additionally, Ms. Kitchen's cell phone cannot be located.

The Lottery hopes that the enclosed documents will help you refine your search to the point that it can fulfill your request in a reasonable timeframe, while still affording you with the information you seek. Please feel free to contact me, if I can be of any assistance.

Sincerely,

Katherine A. Schultz
Senior Deputy Attorney General

KAS/ksn
cc:     John C. Musgrave, Lottery Director
        Hunter Smith, Jr., Assistant U. S. Attorney
        Larry R. Ellis, Assistant U. S. Attorney
        Ben Bailey, Esquire, Bailey & Glasser LLP

BAILEY&GLASSER LLP ————

Lawyers
Internet www.baileyglasser.com
Phone (304) 345-6555   Fax (304) 342-1110

209 Capitol Street
Charleston WV  25301

May 3, 2010

***VIA EMAIL AND FIRST-CLASS MAIL***
Katherine A. Schultz
Office of the Attorney General
State of West Virginia
Charleston, West Virginia  25305

     Re:   Joe C. Ferrell and Southern Amusement Co.
          West Virginia Lottery Subpoena

Dear Kathy:

     Thank you for the information you provided last week.  Those documents have assisted us in developing alternate search criteria and requests.  We hope this process will substantially decrease the burden for the Lottery.  To address the Lottery's concerns, Mr. Ferrell and Southern Amusement propose the following:

     1.   <u>Boolean search terms</u> – As discussed during our meeting, we can eliminate the Boolean search terms by substituting search terms that would produce the same documents.  According to the Lottery affidavits, this step alone should reduce the amount of time necessary for the Lottery to respond to the subpoena by more than a year.  Mr. Ferrell and Southern propose that the following search terms be substituted for the Boolean terms currently in the subpoena:

| Boolean Term | Substituted Term |
|---|---|
| Fix! | fix |
| Approv! | approv |
| Personnel /2 Polic! | "personnel polic" |
| Ethic! | ethic |
| Gratuit! | gratuit |
| Code /2 conduct | "code of conduct" |

     2.   <u>Reduce the number of employees' mailboxes to be searched</u> -- We have reviewed the Organizational Charts and Blue Book materials provided by the Lottery. While we believe we can eliminate some mailboxes of individuals who would almost certainly not have any relevant information, we will need some additional information regarding the nature of the individuals' roles and duties at the Lottery to make that decision.  If possible, we would like to meet this week with a Lottery representative who

387310

May 3, 2010
Page 2

can provide additional information about the Organizational Charts and the nature of certain individuals' responsibilities.

3.   <u>Have the Lottery produce only the final versions of non-email electronic documents</u> - During our meeting, Messrs. Plants and Stewart represented that it would substantially reduce the Lottery's burden if the Lottery was not required to search for every possible version of non-email electronic documents (such as Word or Excel documents) or for deleted documents. Mr. Ferrell and Southern agree to limit the scope of the search for non-email electronic documents to include only final versions of documents. However, to avoid the non-production of deleted documents, Mr. Ferrell and Southern Amusement will only agree to this limitation if the Lottery agrees to conduct a search for each year there are stored non-email electronic documents from 2004 to present. We are, of course, willing to work with the Lottery to select dates for the searches that would be the least burdensome for the Lottery.

4.   <u>PDF's</u> – It is our understanding that the Lottery cannot create a program that will search the PDF's stored in the Lottery's computer and backup system. It is also our understanding that the Lottery has only recently started storing documents in a PDF format and that the Lottery has fewer than 5,000 PDF documents. Mr. Ferrell and Southern Amusement agree to allow the Lottery to search these documents manually instead of electronically. If it would reduce the Lottery's burden, we would be willing to review these documents for the Lottery or to have a third-party service review the documents at the Defendants' expense.

5.   <u>Production of paper files</u> – During our meeting, we discussed the possibility of the Lottery producing some paper files in an effort to reduce the chances that relevant documents would "slip through the cracks" as a result of the Defendants' agreement to reduce the scope of the subpoena. The Lottery has provided a list of files it deemed to be "relevant hard files held by the Lottery." The Defendants request copies of the following files from the Lottery's list:[1]

        a.   Personnel Files (including time, attendance, and personnel issues) for:
                i.  Danny Johns
                ii. Carolyn Kitchen

---

[1] Many of these categories of documents are available through FOIA requests. Obtaining these documents through FOIA requests would shift some of the costs associated with producing the documents from the Lottery to the Defendants. I suggest that we meet this week to discuss which categories of documents could be removed from this list and obtained through FOIA requests. Alternately, the Defendants can absorb the costs of the search and production as if the documents were produced through FOIA requests.

May 3, 2010
Page 3

        iii.  Alvin Rose
        iv.  Frank Stemple
        v.  John Thabet
        vi.  Max Henry

b.     All LVL Security Division files for:
        i.  Danny Johns
        ii.  Carolyn Kitchen
        iii.  Alvin Rose
        iv.  Frank Stemple
        v.  John Thabet
        vi.  Max Henry
        vii.  The Green Spot, LLC
        viii.  The Green Spot of Price Hill
        ix.  Southern Amusement

c.     All licensing files for:
        i.  Mark Cantrell
        ii.  Joseph C. Ferrell
        iii.  Southern Amusement
        iv.  The Green Spot, LLC
        v.  The Green Spot of Price Hill

d.     All Finance and Accounting Division files for Southern Amusement

e.     All Executive and Legal Division Files for:
        i.  The Green Spot, LLC (including DB's X-Clusive and the Green Spot III)
        ii.  The Green Spot of Price Hill, LLC
        iii.  Southern Amusement

      Counsel for the Defendants agreed during our meeting to compile a list of additional categories of relevant documents that could possibly be stored in a single file or location and, therefore, would be easier to produce than to conduct electronic searches for the same information. The Defendants have compiled this list and request documents in the following categories.[2]

a.     Overtime records (including requests for overtime, grants of overtime, denials of overtime, and all other overtime records) for:

---

[2] We anticipate that several of these categories of documents will be included in the previously listed files. Additionally, many of these records could likewise be obtained through a FOIA request.

May 3, 2010
Page 4

          i.      Carolyn Kitchen
          ii.     Frank Stemple
          iii.    Max Henry
          iv.   Alvin Rose
          v.     John Thabet
          vi.    Danny Johns

b.    "T&A reports" for:
          i.      Carolyn Kitchen
          ii.     John Thabet
          iii.    Max Henry
          iv.   Danny Johns

c.    WV Lottery Conflict and Gifts & Gratuities Disclaimers for:
          i.      Carolyn Kitchen
          ii.     John Thabet
          iii.    Max Henry
          iv.   Danny Johns
          v.     All other LVL Investigators from the time Ms. Kitchen was employed to present

d.    Logic seal forms completed by Carolyn Kitchen

e.    Maintenance request forms faxed in by Southern Amusement

f.    All other maintenance approval records for Southern Amusement (including service call records)

g.    All records that show the times that Southern Amusement's machines were out of service.

      Because the Defendants are not familiar with the Lottery's document storage systems, this list was compiled assuming that each category of documents would be stored in one location and easily produced.   If this assumption is incorrect, the Defendants are willing to consider removing exceptionally burdensome requests from the list or substituting other less burdensome requests.

      6.   <u>Time limit on documents to be searched</u> – Due to concerns that relevant documents will not be produced if the time period is limited in scope, Mr. Ferrell and Southern Amusement cannot agree to reduce the temporal scope of the request.   It is our hope that the Defendants' other concessions will sufficiently limit the Lottery's burden so at to permit the Lottery to produce the requested documents in a reasonable amount of time.

387310

May 3, 2010
Page 5

    7.    <u>Supplementation of documents recently provided</u> – We believe that some documents were inadvertently omitted from the documents recently provided by the Lottery. The Personnel Policies and Procedures Manual table of contents indicates that overtime pay polices are outlined in Section 3.5. Section 3.5, however, was not provided by the Lottery. Additionally, the Personnel Policies and Procedures Manual states that it was last revised on June 15, 2006. If there are other versions of the Manual that were in effect during the time period that Ms. Kitchen was employed by the Lottery, please also provide copies of those versions.

    As you are aware, both the Lottery and the Defendants are expected to update the Court on May 7 on the progress we have made in reducing the Lottery's burden and, in turn, the length of time it will take for the Lottery to respond to the subpoena. We are available throughout the week to discuss the proposals in this letter as well as other possible ways we can reduce the Lottery's burden and the time required, without material evidentiary sacrifices by the Defendants.

    We look forward to continuing to work with you in resolving these issues, and appreciate your significant efforts so far in helping us resolve this problem.

                Sincerely,

                Benjamin L. Bailey
                Counsel for Joseph C. Ferrell

                Robert B. Allen
                Counsel for Southern Amusement, Inc.

BLB/md

387310